## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | |
|---|---|
| URBAN HOUSING OF AMERICA, INC. LOUISIANA | CIVIL ACTION NO. 09-0317 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CITY OF SHREVEPORT, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment (Record Document 47) filed by the Defendant, Metropolitan Planning Commission of Caddo Parish ("MPC"). Plaintiff, Urban Housing of America, Inc. Louisiana ("UHA") has sued both the MPC and the City of Shreveport ("City") for declaratory, injunctive, monetary, legal and equitable relief pursuant to 42 U.S.C. § 1983 and § 1981. The MPC contends it is entitled to summary judgment because the MPC is an agency or division of the City and is not an autonomous entity with the power to function independently from the City. UHA opposes this motion.

For the following reasons, the MPC's Motion for Summary Judgment (Record Document 47) is hereby **GRANTED.**

## FACTUAL BACKGROUND

The MPC was created by the City of Shreveport and the Caddo Parish Police Jury through joint legislation pursuant to the provisions of Louisiana Revised Statute 33:140.6. See La. R.S. 33:140.1; Code of Ordinances, City of Shreveport, Sec. 70-27. Section 140 of the Louisiana revised statute provides in pertinent part:

> The City Council of the City of Shreveport and the Police Jury
> of Caddo Parish may create a commission, to be known as the
> Shreveport Metropolitan Planning Commission of Caddo

>Parish. All members shall serve without compensation.
>
>It shall be the function and duty of the commission to make and recommend to the City Council and the Police Jury a master plan for the physical development of the municipality, including any areas outside of its boundaries which, in the commission's judgment, bear relation to the planning of the municipality....The commission may from time to time recommend amendments to extend or add to the plan.

See La. R.S. 33:140.1-20. Other duties of the MPC include holding hearings and approving or rejecting the plats of a proposed subdivision. See La. R.S. 33:140.16. The City has delegated specific powers (such as the power to contract with city planners or other consultants, adopt rules for transacting business, engage staff and employees, accept gifts, and initiate amendments to zoning ordinance) in order to assist it in carrying out its duties. See La. R.S. 33:140.1 - 20. These powers allow the MPC to assist the City and Caddo Parish Commission (formerly the Caddo Parish Police Jury) in planning the orderly development of the city and parish by approving the subdivision plat applications in accordance with the master plan. Absent an appeal to the City Council, the MPC's decisions are final. However, the City Council has the authority to affirm, modify, or reverse any decision rendered by the MPC. See Code of Ordinances, City of Shreveport § 106-49.

The remaining factual background relates to the specific MPC decision at issue as stated in the Proposed Pretrial Order (Record Document 43) submitted by the parties. On December 26, 2007, UHA applied to the MPC for approval of its preliminary subdivision plat to build Phase III of Greenwood Villa, comprising 40 residential lots. The application did not seek any variance from, or exception to, any requirement of the Code of Ordinances for the City of Shreveport.

Initially, the MPC approved the above plan on November 7, 2007. However, the

Shreveport City Council heard an appeal on December 11, 2007, and reversed the decision of the MPC after receiving letters and hearing testimony both in support of and against Greenwood Villa Phase III. UHA subsequently submitted a revised plan that increased the lot sizes. This revised plan also met all zoning and use criteria. A petition containing approximately 700 signatures in opposition to the development of Phase III was subsequently submitted to the MPC. On February 6, 2008, the MPC held a public hearing on the Plat application. At the conclusion of the MPC's meeting, the MPC denied approval of the revised application. On February 8, 2008, UHA appealed the decision of the MPC to the Shreveport City Council. The Shreveport City Council heard the appeal on February 26, 2008, and affirmed the decision of the MPC, denying the application.

On March 3, 2008, UHA filed a Petition for Writ of Mandamus and Appeal from Denial of Plat Approval in the First Judicial District Court, Caddo Parish, Docket No. 519,443-A. On October 22, 2008, Judge Roy Brun upheld the Shreveport City Council's denial of the plat application. However, the Second Circuit Court of Appeal for Louisiana reversed and rendered judgment in favor of UHA, approving UHA's subdivision plan to build Phase III of Greenwood Villa Subdivision. Urban Housing of America v. City of Shreveport, 44,874 (La. App. 2 Cir. 10/28/09), 26 So. 3d 226, 228 writ denied, 2010-0026 (La. 4/23/10), 34 So. 3d 269. Despite receiving approval of the application, UHA never commenced development of Phrase III of the Greenwood Villa Subdivision alleging that it "lost its window" of opportunity for funding due to the delays caused by the Defendants.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law."[1]  Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010).  "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id (citations omitted).  "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."  Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004).

The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069,1075;  Wallace v. Texas Tech University, 80 F.3d 1042, 1047.  Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted.  See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir.2005).

In order to determine whether or not summary judgment should be granted, an examination of the substantive law is essential.  Substantive law will identify which facts are material in that "[o]nly disputes over facts that might affect the outcome of the suit under

---

[1]The Court notes that the amended Rule 56 requires that there be "no genuine *dispute* as to any material fact," but this change does not alter the Court's analysis.  F.R.C.P. 56(a) and advisory committee's note (emphasis added).  This Court considers this change to be a distinction without a difference.

the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. at 248, 106 S. Ct. at 2510.

## LEGAL ANALYSIS

Federal Rule of Civil Procedure 17(b)(3) provides, in pertinent part, that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." F.R.C.P. 17(b)(3); see also Darby v. Pasadena Police Dep't, 939 F.2d 311, 313 (5th Cir.1991). Thus, this Court will look to Louisiana law to determine whether the MPC is an entity capable of being sued.

Under Louisiana law, there are two kinds of persons: natural persons and juridical persons. La. C.C. Art. 24. Article 24 further states:

> A natural person is a human being. A juridical person is an entity to which the law attributes personality, such as a corporation or a partnership. The personality of a juridical person is distinct from that of its members.

Id. As a result, "[T]he law grants to [juridical persons] the power to participate in legal life by the attribution of legal personality." Brown v. State Farm Fire & Cas. Co., 2000-0539 (La. App. 1 Cir. 6/22/01), 804 So.2d 41, 44.

Because the MPC was named as a party defendant in addition to the City, the Court must determine whether MPC is capable of being sued as a separate juridical person independent of the City. The Louisiana Supreme Court has set forth the framework within which to determine the suability of a juridical entity in Roberts v. Sewerage and Water Board, 92-2048 (La. 3/21/94), 634 So.2d 341. The Court in Roberts held:

> [T]he determination that must be made in each particular case is whether the entity can appropriately be regarded as an additional and separate government unit *for the particular purpose at issue.* In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently *and not just as the agency or division of another governmental entity.*

Id. at 346–47 (emphasis added). In the case at hand, neither the Shreveport City Ordinances nor the Louisiana statute authorizing the creation of the MPC expressly grant the MPC the legal capacity to sue or be sued; therefore, the functional approach laid out in Roberts applies. This Court must determine if the organic law grants the MPC the legal capacity to function independently rather than as an agency or division of the City.

In concluding that the SWB was a "third person" capable of being sued in the workers' compensation context, the Roberts court focused its analysis on the independent management, financing, and operations of the board:

> Applying a functional approach in the present case to the pertinent legal precepts and the face of the pleadings, we conclude that the SWB is an autonomous or self-governing legal entity with respect to the management of its business or function of providing water, sewerage and drainage service to consumers in Orleans and other parishes. As such, the SWB is legally independent of the City, state and other governments in its source of revenues; the employment, deployment, direction and control of its work force; and the comprehensive management of its public utility operations.

Roberts, 634 So.2d at 347. By contrast, Louisiana courts have consistently held that city councils, parish sheriff's offices, and city permit offices are not separate government units with the capacity to sue or be sued. See City Council of City of Lafayette v. Bowen,

94–584 (La.App. 3 Cir. 11/2/94), 649 So.2d 611; Roy v. Alexandria City Council, 2007–1322 (La.App. 3 Cir. 5/7/08), 984 So.2d 191. Cozzo v. Tangipahoa Parish Council--President Government, 279 F.3d 273, 283 (5th Cir. 2002); Porche v. St. Tammany Parish Sheriff's Office, 67 F.Supp.2d 631 at 635 (E.D.La.,1999). Angers ex rel. Angers v. Lafayette Consol. Gov't, No. 07–0949, 2007 WL 2908805 (W.D.La. Oct. 3, 2007); Batiste v. Bonin, No. 06–1352, 2007 WL 1791219 (W.D. La. June 13, 2007). These divisions are branches or parts of the greater corporate body politic or juridical entity, *i.e.,* the city itself, are not autonomous or self-governing legal entities, and therefore do not possess the capacity to be sued. See Bowen, 649 So.2d 611.

Likewise, the MPC performs a specific task as an agency or division of the City for the particular purpose at issue and is functionally similar to a city council, police department, or office of permits. The MPC is considered a branch or part of the greater corporate body politic and is not an autonomous or self-governing legal entity as it relates to reviewing initial subdivision plat applications on behalf of the City. A review of the statute which created the MPC reveals no provision(s) allowing or otherwise granting the MPC the power to function independently of, or as a separate government unit from, the City or Caddo Parish in the application approval process. Instead, the Shreveport Code of Ordinances delegates to the MPC the power to hold initial hearings and conditionally approve applications while reserving final decision making authority, if appealed, to the City Council. See Code of Ordinances, City of Shreveport Section 106-49.

The powers granted to the MPC are easily distinguishable from those granted to the SWB in Roberts. The SWB in Roberts had complete authority and autonomy in the

operations of the city's water and sewer system.[2]  This included the power to acquire property, establish pension funds, construct infrastructure, and establish rules governing private citizens independent of the City.  The SWB in Roberts also received revenue from outside non-governmental sources by providing fee-based water and sewer services to the citizens and business of the municipality, and as a result, operated to serve those private citizens who paid for its services directly.  The MPC, on the other hand, simply holds hearings, makes recommendations, and conditionally approves applications subject to a review by the Shreveport City Council.  The MPC also derives its operating budget directly from the City and Parish.  As such, the MPC is not comparable to the SWB in Roberts.

UHA has not cited legal authority establishing that the five specific powers they referenced, the power to contract, adopt rules for transacting business, engage employees and staff, accept gifts, or initiate zoning amendments, when considered independently, transform the MPC into a separate, independent juridical person capable of being sued.

---

[2] The SWB is created and granted authority by law to construct, control, maintain and operate the public water, sewerage and drainage systems within the City. La.R.S. 33:4071. ...The SWB is authorized to elect an executive director, fix the director's salary and discharge the director at its pleasure. La.R.S. 33:4073. The SWB is similarly authorized with respect to the employment of a general superintendent. La.R.S. 33:4075. The SWB is authorized to employ all necessary clerks, engineers, firemen, and other employees necessary to operate the public sewerage, water and drainage systems; dispense with the services of unnecessary employees; establish a pension fund for its employees; and make rules and regulations governing employees' pensions. La.R.S. 33:4076. Although the city attorney is designated by law as the legal advisor of the SWB, the city attorney is required to appoint, with the advice and consent of the SWB, a special counsel to conduct the SWB's legal business. La.R.S. 33:4077. On request of the SWB, the city attorney, or special counsel of the SWB, is required to cause property to be expropriated in the name of the city for sewerage, water and drainage systems. La.R.S. 33:4078. The SWB may independently acquire or expropriate property for such purposes in Plaquemines, St. Bernard, Jefferson and St. Charles Parishes. Id. The SWB has authority over construction of all underground work for sewerage, drainage and water systems; and to make rules and regulations to prevent obstructions or damage to such systems. La.R.S. 33:4081. The SWB may contract to supply water to consumers in adjoining parishes at rates fixed by it. La.R.S. 33:4082.1. Roberts, 634 So.2d at 347 -348.

The Louisiana statutes relating to the five specific powers of the MPC do not address the agency/entity relationship between the City and the MPC in this case and are therefore not dispositive of the issue. Specifically, these statutes do not address the heart of this dispute: whether the MPC was exercising these powers as a separate, independent, and distinct entity from the City, or whether it was acting as an agent for the City. However, this Court will address the final issue raised by UHA regarding the MPC's ability to perform its designated duties for the benefit of both the City and Caddo Parish. After careful consideration, the Court believes that this argument does not give appropriate consideration to the Roberts functional approach which stated that the entity must be "regarded as an additional and separate government unit *for the particular purpose at issue.*" Roberts, 634 So.2d at 347 (emphasis added). The particular purpose at issue in this litigation is solely related to the MPC's recommended denial of the housing plat application on behalf of the City. In all relevant actions taken by the MPC in this disputed matter, the MPC was acting on behalf of, and for the benefit of, the City alone. The proposed project was wholly within the City of Shreveport. The MPC was not acting as an agency for Caddo Parish during the hearings and subsequent denial of UHA's housing plat application. As such, the Court hereby finds that MPC exercised its limited powers during all relevant times in this case as an agency of the City, and not as an independent self-governing agency.

Furthermore, the MPC is not a necessary or indispensable party to this litigation under the Rule 19 of the Federal Rules of Civil Procedure. Under Rule 19(a), a person subject to service of process and whose joinder will not deprive the court of subject-matter

jurisdiction must be joined as a party if in that person's absence, the court cannot accord complete relief among existing parties. See Fed. R. Civ. P. 19. Because the MPC was acting as an agency or division of Shreveport when it held hearings and denied the plat application at issue, it is the City of Shreveport that could be held liable, not the MPC. UHA has provided no evidence indicating that the City would not be able to satisfy any judgment against either itself, or its agent, the MPC. Additionally, UHA has not provided evidence showing that Caddo Parish, rather than the City, would be obligated to pay any judgment against the MPC under these circumstances. Accordingly, the MPC's presence in this litigation is not required for this Court to accord complete relief to the parties.

## CONCLUSION

Based on the foregoing analysis, the Court finds that the MPC is not a juridical person capable of being sued under Louisiana law, therefore, the MPC is entitled to summary judgment as a matter of law.

Accordingly, **IT IS ORDERED THAT** the foregoing motion (Record Document 47) be and is hereby **GRANTED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 13th day of February, 2013.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE