# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

URBAN HOUSING OF AMERICA,               CIVIL ACTION NO. 09-0317
INC. LOUISIANA

VERSUS                                   JUDGE S. MAURICE HICKS, JR.

CITY OF SHREVEPORT, ET AL.               MAGISTRATE JUDGE HORNSBY

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment (Record Document 54) filed by the Defendants, the City of Shreveport and the Metropolitan Planning Commission of Caddo Parish ("MPC").[1]  Plaintiff, Urban Housing of America Inc. Louisiana ("UHA") has sued the defendants for declaratory, injunctive, monetary, legal and equitable relief pursuant to 42 U.S.C. § 1983 and § 1981.  The City of Shreveport contends that it is entitled to summary judgment because: (1) it demonstrated a rational basis unrelated to race in denying the housing plat application; and (2) UHA has no cause of action under Section 1981 if the court dismisses all Section 1983 claims.  UHA opposes this motion arguing that there is a genuine dispute over whether the City of Shreveport was motivated, at least in part, by a discriminatory purpose when it denied UHA's application.

For the following reasons, the City of Shreveport's Motion for Summary Judgment (Record Document 54) is hereby **DENIED**.

_____

[1]The Court notes that after this Motion for Summary Judgment was filed, this Court determined that the MPC was not a juridical person capable of being sued and dismissed all claims against the MPC in this suit.  See Record Document 68 and 69.  However, because the MPC was acting as a division or agency of the City of Shreveport during all relevant times relating to this case, all references to the "City of Shreveport" are inclusive of its agent, the MPC.

## FACTUAL BACKGROUND

The Court derived the following factual background from the Proposed Pretrial Order submitted by both parties (Record Document 43) in addition to the opinion issued by the Second Circuit Court of Appeal for Louisiana, <u>Urban Housing of America v. City of Shreveport</u>, 44,874 (La. App. 2 Cir. 10/28/09), 26 So. 3d 226, 228 <u>writ denied</u>, 2010-0026 (La. 4/23/10), 34 So. 3d 269.  On December 26, 2007, UHA applied to the MPC for approval of its preliminary plat to build Phase III of Greenwood Villa, comprising 40 residential lots.  The Phase III development would target low-income buyers utilizing the federal Low Income Housing Tax Credit.  Under this program, buyers who would not qualify for conventional home financing may acquire a new home by renting a home from UHA with an option to purchase the home at the end of 15 years.  After the fifteen-year period, if the buyer wishes to exercise the option, he/she may apply to the Federal Home Loan Bank, which will loan up to 80% of the house's value.  The plat  application did not seek any variance from or exception to any requirement of the Code of Ordinances for the City of Shreveport.

Initially, the MPC approved the above plan on November 7, 2007.   However, the Shreveport City Council heard an appeal on December 11, 2007, and reversed the decision of the MPC after receiving letters and hearing testimony both in support of and against Greenwood Villa Phase III.  UHA subsequently submitted a revised plan to the MPC that increased the lot sizes. This revised plan also met all zoning and use criteria.  A petition containing approximately 700 signatures in opposition to the development of Phase III was subsequently submitted to the MPC.  On February 6, 2008, the MPC held a public hearing on UHA's application.  At the conclusion of the MPC's meeting, the MPC denied approval

of the application.  On February 8, 2008, UHA appealed the decision of the MPC to the Shreveport City Council.  The Shreveport City Council heard the appeal on February 26, 2008, and affirmed the decision of the MPC, denying the application.

On March 3, 2008, UHA filed a Petition for Writ of Mandamus and Appeal from Denial of Plat Approval in the First Judicial District Court, Caddo Parish, Docket No. 519, 443-A.  On October 22, 2008, Judge Roy Brun upheld the Shreveport City Council's denial of the plat application.  However, the Second Circuit Court of Appeal for Louisiana reversed and rendered judgment in favor of UHA, approving UHA's subdivision plan to build Phase III of Greenwood Villa Subdivision.  Urban Housing of America v. City of Shreveport, 26 So. 3d 226 (La. App. 2nd Cir. 2009).  Despite receiving approval of the application, UHA never commenced development of Phrase III of the Greenwood Villa Subdivision alleging that it "lost its window" of opportunity for funding due to the delays caused by the Defendants.

## LAW AND ANALYSIS

### I.    Summary Judgment Standard

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2]  Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir.2010).  "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id (citations omitted).  "Rule 56[(a)] mandates the entry of summary judgment, after adequate

---

[2]The Court notes that the amended Rule 56 requires that there be "no genuine *dispute* as to any material fact," but this change does not alter the Court's analysis.  F.R.C.P. 56(a) and advisory committee's note (emphasis added).  This Court considers this change to be a distinction without a difference.

time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir.2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir.2004).

The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence. Little, 37 F.3d at 1075; Wallace, 80 F.3d at 1047.  Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted.  See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir.2005). Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Wallace, 80 F.3d at 1048 (quoting Little, 37 F.3d at 1075); see also, S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." McCallum Highlands v. Washington Capital Dus, Inc., 66 F.3d 89, 92 (5th Cir. 1995), as revised on denial of rehearing, 70 F.3d 26 (5th Cir. 1995).  Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-51, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986).  When the nonmovant has the burden of proof at trial, he "must come forward with evidence which would be sufficient to enable it to survive

a motion for directed verdict at trial."  Stults v. Conoco, Inc., 76 F.3d 651, 656 (5th Cir.

1996).  If the nonmovant can not meet this burden, then "the motion for summary judgment

must be granted."   Id., Little, 37 F.3d at 1076.

In order to determine whether or not summary judgment should be granted, an

examination of the substantive law is essential.  Substantive law will identify which facts are

material in that "[o]nly disputes over facts that might affect the outcome of the suit under

the governing law will properly preclude the entry of summary judgment."  Anderson v.

Liberty Lobby, Inc., 477 U.S. at 248, 106 S. Ct. at 2510.

## II.    Claims under 42 U.S.C. § 1983

42 U.S.C. § 1983 provides:

> "Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or the
> District of Columbia, subjects, or causes to be subjected, any
> citizen of the United States or other person within the
> jurisdiction thereof to the deprivation of any rights, privileges,
> or immunities secured by the Constitution and laws, shall be
> liable to the party injured in an action at law, suit in equity, or
> other proper proceeding for redress...."

UHA asserts two claims under Section 1983: (1) deprivation of their constitutional right to

Equal Protection under the Fourteenth Amendment of the United States Constitution and

(2) deprivation of the federal statutory right to contract contained in Section 1981.  (Record

Document 1 at 20; 64 at 3).

An equal protection claim may be based upon membership in a group or suspect

class, or as a "class of one."  See Lindquist v. City of Pasadena, Texas, 669. F.3d 225, 233

(5th Cir. 2012).  Under Fifth Circuit jurisprudence, a legislature's decision in a "class of one"

equal protection claim is reviewed by the court under a rational basis standard.  Lindquist,

669 F.3d at 233.  However, the standard of review is heightened for claims based upon membership in a suspect class.  See Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252, 266 (1977).  When there is proof that a discriminatory purpose has been a motivating factor in the decision, judicial deference is no longer justified.  Id.

As an initial matter, the Court must determine whether to review the City of Shreveport's application denial using a rational basis standard of review,[3] or whether it must look beyond the City of Shreveport's proffered justifications and apply a heightened level of scrutiny.  While the City of Shreveport is correct in its argument that, generally, a reviewing court will not interfere with the legislative process, as explained above, judicial deference is no longer applicable upon the establishment that a legislature's action disproportionately impacts a protected class.  See Vill. of Arlington Heights, 429 U.S. at 266.  Following such showing, the Court is obligated to commence a "sensitive inquiry into such circumstantial and direct evidence of intent as may be available."  Id.

To state a claim of racial discrimination under the Equal Protection Clause and Section 1983, UHA must show that either the impact of the official action "bears more heavily on one race than another," Washington v. Davis, 426 U.S., at 242, 96 S.Ct., at 2049, or that [it] received treatment different from that received by similarly situated

---

[3]The City of Shreveport's Motion for Summary Judgment includes the following argument: "A reviewing court "will not interfere with [the legislative body's] prerogative unless the action is palapably erroneous and without any substantial relation to the public health, safety or general welfare." Four States Realty Co., Inc v. City of Baton Rouge, 309 So.2d 659, 672 (La. 1974); King v. Caddo Parish Commission, 719 So.2d 410, 418.  Moreover, public opposition, even based on unsubstantiated opinion, is a legitimate basis for denial, as Louisiana jurisprudence "has long recognized 'expressions of opinion made by citizens to a legislative body serve as a manner by which the legislative body learns the will of the people and determines what benefits the public good.'" Toups v. City of Shreveport, 60 So. 3d 1215, 1217 (La. 3/15/11)."

individuals.  <u>Bowlby v. City of Aberdeen, Miss</u>., 681 F.3d 215, 227 (5th Cir. 2012).  UHA must then prove that the City of Shreveport acted with a discriminatory intent or purpose.  <u>Taylor v. Johnson</u>, 257 F.3d 470, 473 (5th Cir.2001); <u>see also</u> <u>Village of Arlington Hts.</u>, 429 U.S. at 265, ("Proof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause.").  Accordingly, the present Motion for Summary Judgment hinges on two factors: (1) whether UHA has provided sufficient evidence to prove that the denial of the housing plat application had a disproportionately adverse impact on a suspect class, and (2) whether the UHA has provided sufficient evidence to demonstrate that the City of Shreveport acted or was motivated by discriminatory intent.

### a. Disproportionate Impact

After full consideration of the complaint, pleadings, and pre-trial order submitted by the parties, the Court is satisfied that UHA has submitted sufficient evidence at this stage of the litigation to survive a motion for summary judgment challenging the disproportionate impact the application denial had upon African American families, a suspect class as defined in <u>Bolling v. Sharpe</u>, 347 U.S. 497, 499, 74 S. Ct. 693, 694, (1954) and <u>Washington v. Davis</u>, 426 U.S. 229, 96 S. Ct. 2040.  There remains a question of fact as to whether the City of Shreveport's denial of the plat application disproportionately impacted a suspect class.  However, it should be noted that this Court is not convinced that low income or "rent-to-own" housing necessarily implicates race.  UHA carries the burden of proving that the denial of the housing plat had a disproportionally adverse impact on a specific suspect class in this particular instance, and not simply that the application denial adversely affected low income citizens.

**b. Discriminatory Intent**

In order to for the Court to determine if the City of Shreveport acted with discriminatory intent, it is essential to consider both the circumstantial and direct evidence.[4] This includes considering such factors as (1) the historical background of the decision, (2) the specific sequence of events leading up to the challenged decision, (3) departures from the normal procedural sequence, and (4) the legislative or administrative history such as contemporary statements by members in the decision making body, minutes of the meetings, and reports.  Vill. of Arlington Heights, 429 U.S. at 267.  When considering the evidence in a light most favorable to the non-moving party, UHA has provided sufficient evidence to show that the trier of fact could reasonably find that the City of Shreveport's decision was at least in part motivated by a discriminatory purpose.  However, UHA must demonstrate to the trier of fact that the actual decision made by the City of Shreveport was motivated by discriminatory intent, and not just that racial tension was present in the hearings.  The Court hereby finds that there remains a genuine dispute as to this material fact.[5]

---

[4]"Determining whether invidious discriminatory purpose was a motivating factor demands a sensitive inquiry into such circumstantial and direct evidence of intent as may be available. The impact of the official action whether it 'bears more heavily on one race than another,' Washington v. Davis, supra, 426 U.S., at 242, 96 S.Ct., at 2049, may provide an important starting point. Sometimes a clear pattern, unexplainable on grounds other than race, emerges from the effect of the state action even when the governing legislation appears neutral on its face. Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886); Guinn v. United States, 238 U.S. 347, 35 S.Ct. 926, 59 L.Ed. 1340 (1915); Lane v. Wilson, 307 U.S. 268, 59 S.Ct. 872, 83 L.Ed. 1281 (1939); Gomillion v. Lightfoot, 364 U.S. 339, 81 S.Ct. 125, 5 L.Ed.2d 110 (1960). The evidentiary inquiry is then relatively easy. But such cases are rare. Absent a pattern as stark as that in Gomillion or Yick Wo, impact alone is not determinative, and the Court must look to other evidence." Vill. of Arlington Heights, 429 U.S. 252, 266.

[5]The Court remains concerned over the issue of damages.  Even if UHA were to prove at a later stage in this litigation that the City of Shreveport acted with a discriminatory purpose, the application approval process does not end with the City of Shreveport.  Rather, the losing party is

Additionally, it should be noted that while the decision of the Second Circuit Court of Appeal of Louisiana to reverse the denial of the plat application may give credence to UHA's pleadings *at this stage in the litigation*, it is clearly not dispositive of any issue before the Court.  The ruling was based upon state regulation of land use and employed a different legal standard than that used under Section 1983 jurisprudence.  This ruling also did not address whether the City of Shreveport was motivated by discriminatory intent.[6]

Furthermore, the Court feels compelled to address the erroneous arguments made in the City of Shreveport's Motion for Summary Judgment.  The City's motion included the following statement:

> It appears from UHA's pleadings that it is not alleging disparity in treatment due to a suspect classification, but instead that they are in a "class of one" that is UHA is being intentionally treated differently than others similarly situated by the City and MPC.

(Record Document 54-1 at 11).  The City of Shreveport then argues that because UHA only made a "class of one" claim, the Court should review the application denial using a rational basis test.  The Court is perplexed by this pleading.  UHA's Complaint includes the following statement: "Racial discrimination was a motivating factor in the municipality's

---

permitted to appeal the City's decision in state court.  As is evident from the record, the approval process ran its course and the Louisiana Court of Appeals ultimately approved UHA's entire proposed housing project, yet UHA never commenced development of Phase III of the Greenwood Villa Subdivision.

[6]The Second Circuit was guided by Louisiana principles of zoning and land use regulations construed in favor of the owner's proposed use of his own property.  Because the application was fully compliant with local regulations, the Second Circuit applied a heightened burden when examining the reasons proffered by City of Shreveport as justification of their denial of the application.  Urban Hous. of Am., Inc. v. City of Shreveport, 26 So. 3d at 232. This "heightened burden" is not the same as that used in a cause of action brought under Section 1983 as it did not consider whether racial discrimination was a motivating factor.

decision to reject Plaintiff's housing project." (Record Document 1 at 6-7). UHA has claimed that their application was denied on "race-based" grounds throughout this entire litigation. In fact, the City of Shreveport recognizes such in the Proposed Pretrial Order which was submitted and signed by the City's attorneys on August 20, 2012. See Record Document 43 at 1, 22. The Court hereby finds the City of Shreveport's claim, "[i]t appears from UHA's pleadings that it is not alleging disparity in treatment due to a suspect classification," to be disingenuous at best.

### III. Claims under 42 U.S.C. § 1981

The City of Shreveport's motion for the Court to dismiss all claims made under Section 1981 is contingent upon the Court's denial of UHA's Section 1983 claims. The City of Shreveport argues that Section 1981 does not create an independent cause of action against municipalities, and that Section 1983 provides the exclusive remedy to enforce rights against state actors. See Arendale v. City of Memphis, 519 F.3d 587, 598-99 (6th Cir. 2008). UHA's Section 1983 claim is still pending in this Court, therefore, UHA can seek to enforce the rights guaranteed under Section 1981 pursuant to the remedy found Section 1983. Because the Court did not grant the City of Shreveport's Motion for Summary Judgment on UHA's Section 1983 claims, the City of Shreveport's Motion of Summary Judgment on all Section 1981 claims is **DENIED** using the same reasoning and analysis.

### CONCLUSION

Based on the foregoing analysis, the Court finds that there remains a material issue of fact as to whether the City of Shreveport's denial of the application at issue

disproportionately impacted a suspect class and whether that decision was motivated by a discriminatory purpose.

Accordingly, **IT IS ORDERED THAT** the foregoing motion (Record Document 54) be and is hereby **DENIED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 13th day of February, 2013.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE